FILED
12-08-2022
George L. Christenson
Clerk of Circuit Court
2022CV007785
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

---

MILWAUKEE POLICE ASSOCIATION,
Local 21, IUPA, AFL-CIO,
By Itself and on behalf of its Members,
6310 West Bluemound Road
Milwaukee, WI 53213, and

JACOB E. BACZEK
305 Prospect Drive
Brookfield, WI 53005,

    Plaintiffs,

vs.

CITY OF MILWAUKEE,
200 East Wells Street
Milwaukee, Wisconsin 53202,

    Defendant.

Case Code: 30701
Case Type: Declaratory Judgment

---

## COMPLAINT

The above named plaintiffs, by their attorneys, Jonathan Cermele and Cermele & Matthews, S.C., as and for a claim against the above-named defendants, alleges and shows to the court as follows:

### PARTIES

1.     Plaintiff, MILWAUKEE POLICE ASSOCIATION, Local 21, IUPA, AFL-CIO, ("MPA"), is a labor organization within the meaning of §111.70(1)(h), Stats., with offices located at 6310 West Bluemound Road, Milwaukee, Wisconsin, 53213 and which, pursuant to the

Wisconsin Municipal Employment Relations Act ("MERA"), §111.70, Stats., *et seq.*, has been recognized by the City of Milwaukee as the exclusive bargaining representative for certain non-supervisory police officers of the Milwaukee Police Department ("MPD"), all of whom are employees of the City of Milwaukee and members/beneficiaries of the Milwaukee Employee Retirement System ("ERS") created under Chapter 396 of the Laws of 1937 and Chapter 441 of the Laws of 1947 and codified by means of Chapter 36 of the Milwaukee City Charter.

2. The MPA has an interest in ensuring that its members are afforded the rights to which they are entitled under the Fair Labor Standards Act (FLSA). *Milwaukee Dist. Council 48 v. Milwaukee County*, 2001 WI 65, 244 Wis.2d 333, 627 N.W.2d 866.

3. As City employees, each and every one of the MPA's roughly 1,400 members have a right to benefits and entitlements as specified by the FLSA with respect to benefits under that act.

4. As the exclusive representative of employees who are specifically interested in the subject matter of this litigation, and as a result of having a duty to represent and advise its members on matters related to those matters, the MPA possesses a tangible interest in knowing the law as it may impact its members.

5. Plaintiff, JACOB E. BACZEK ("Baczek") is an adult resident of Wisconsin, and is employed by the City of Milwaukee as a police officer.

6. Defendant, CITY OF MILWAUKEE ("City"), is a political subdivision organized and existing under the laws of the State of Wisconsin, with its principal place of business, main offices and mailing address located at 200 East Wells Street, Milwaukee, Wisconsin, 53202. The City was the legal employer of all plaintiffs, and has the statutory obligation to pay wages, overtime and compensatory time ("comp. time") under the Fair Labor Standards Act ("FLSA") and the Code of Federal Regulations ("CFR").

## NATURE OF ACTION
### Declaratory Judgment

7. Plaintiffs re-allege and re-assert paragraphs 1 through 6 above, as though fully set forth herein, and further allege as follows.

8. This action seeks to declare the rights and obligations of the parties under their collective bargaining agreement as well as 29 U.S.C. 201, et seq. Plaintiffs seek payment of liquidated damages and attorneys fees arising from the City having failed to timely pay comp. time that was due and owing to Baczek.

## JURISDICTION & VENUE

9. Plaintiffs re-allege and re-assert paragraphs 1 through 8 above, as though fully set forth herein, and further allege as follows.

10. The Circuit Court has jurisdiction over plaintiffs' claims under 29 U.S.C. §216(b).

## FACTS

11. Plaintiffs re-allege and re-assert paragraphs 1 through 108 above, as though fully set forth herein, and further allege as follows.

12. Baczek was, at all relevant times, employed as a police officer with the City of Milwaukee.

13. In January of 2022, and again in March of 2022, Baczek requested the use of compensatory time ("comp. time") that he had earned, but that request was denied because it would have resulted in overtime.

14. Each time that Baczek was denied the use of earned comp. time he sought a "body-for-body" replacement. Each such request was denied based it would have resulted in overtime.

## Cause of Action
### Violation of 29 C.F.R. §§553.25 & 553.27

15. Plaintiffs re-allege and re-assert paragraphs 1 through 14 above, as though fully set forth herein, and further allege as follows.

16. Baczek was, at all relevant times, an "employee" as that term is defined by 29 U.S.C. §203(e).

17. The City was, at all relevant times, an "employer" as that term is defined by 29 U.S.C. §203(d).

18. Baczek was a non-exempt hourly employee of the City who earned, but did not timely receive, compensation for time worked as is required under 29 C.F.R. §553.27.

19. The City placed earned overtime into a comp. time bank for Baczek, but failed (and, upon information and belief, refused) to pay that banked comp. time when requested by Baczek.

20. Title 29 U.S.C. §207(o)5 provides that "[a]n employee . . . who has accrued compensatory time off . . . and who has requested the use of such compensatory time, shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of compensatory time does not unduly disrupt the operations of the public agency."

21. Rather than following the required "unduly disrupt" standard articulated under §207(o)5 of the Act and 29 CFR §553.25, the City simply denied Baczek's request for comp. time off because it would have required another officer to work overtime.

22. Baczek then sought a "body-for-body" replacement, as allowed under the parties collective bargaining agreement ("Agreement"), as well as 29 C.F.R 553.31, §7(p)3.

23. Although the Agreement identifies that such a replacement process "guarantees" an officer the ability to use his comp. time off by means of a body-for-body "replacement," Baczek's

request for "replacement" was denied based on "staffing."

24. Upon information and belief, the City was aware of its obligations under the FLSA, as well as the CFR, yet recklessly, willingly, deliberately and intentionally refused to pay plaintiffs their banked comp. time when the City terminated their employment.

25. The City's failure to timely compensate Baczek for comp. time earned violates the minimum wage provisions of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

26. The City's failure to properly administer a scheme of compensation, including comp. time, violates the overtime provisions of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

27. The City's failure to timely compensate Baczek for all banked comp. time was a willful and knowing violation of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

28. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has suffered a substantial delay in the receipt of wages owed.

29. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has suffered damage and are entitled to liquidated damages for which the City is liable.

30. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has incurred reasonable attorneys fees in uncovering and prosecuting the acts and omissions identified herein, for which the City is liable.

31. Pursuant to 29 U.S.C. §§207 and 216, the City owes Baczek both liquidated damages, together with an additional sum for attorneys fees and costs.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. That the Court declare the rights and obligations of the parties consistent with the relief sought by plaintiffs;

2. That this Court issue a declaratory judgment that the City's acts and omissions violated provisions of the FLSA;

3. That the City be enjoined from further such violations of the FLSA;

4. That the named plaintiffs recover liquidated damages in an amount provided by the law and 29 U.S.C. §216(b);

5. That the plaintiffs recover an award of reasonable attorneys fees and costs under 29 U.S.C. §216(b);

6. Such other relief deemed reasonable by the Court.

Dated at Milwaukee, this 8th day of December, 2022.

CERMELE & MATTHEWS, S.C.
Attorneys for Plaintiffs, Milwaukee Police Association and Jacob Baczek

*Electronically Signed by Jonathan Cermele*
Jonathan Cermele
State Bar No. 1020228

Mailing Address:
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213
(414)276-8750
(414)276-8906 Facsimile
jon@cermelelaw.com

FILED
12-14-2022
George L. Christenson
Clerk of Circuit Court
2022CV007785

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

MILWAUKEE POLICE ASSOCIATION,
and JACOB E. BACZEK

    Plaintiffs,

vs.

CITY OF MILWAUKEE,

    Defendant.

Case No. 22-CV-007785
Case Code: 30701
Case Type: Declaratory Judgment

## REQUEST FOR SUBSTITUTION

Pursuant to §801.58, Stats., Plaintiffs Milwaukee Police Association and Jacob E. Baczek hereby request substitution of a new judge for the Honorable Pedro Colon, the judge presently assigned to this case.

Dated at Milwaukee, this 8th day of December, 2022.

        CERMELE & MATTHEWS, S.C.
        Attorneys for Plaintiffs, Milwaukee Police
        Association and Jacob Baczek

        *Electronically Signed by Jonathan Cermele*
        Jonathan Cermele
        State Bar No. 1020228

Mailing Address:
6310 West Bluemound Road
Suite 200
Milwaukee, WI 53213
(414)276-8750
(414)276-8906 Facsimile
jon@cermelelaw.com

FILED
12-16-2022
George L. Christenson
Clerk of Circuit Court
2022CV007785

BY THE COURT:

DATE SIGNED: December 15, 2022

<u>Electronically signed by Honorable Pedro A. Colon</u>
Circuit Court Judge

State of Wisconsin  Circuit Court  Milwaukee County

Milwaukee Police Association, et al.,
Plaintiff

Reassignment and Exchange Form
Case Number  22CV7785

Vs.

Class Code  30701

City of Milwaukee,
Defendant

A substitution, disqualification or recusal of judge has been filed in this action.

Reason for disqualification/recusal:  Plaintiff has filed a Request for Substitution of Judge.

The above entitled cause is to be reassigned according to the rules.

_____         _____
Chief Judge                                      Circuit Court Judge

Dated 12/19/2022

Reassigned to Br# 31, Judge Hannah Dugan
according to rules.

Assigned court may/may not return a like case to Branch _____ ;Case # _____

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|

FILED
12-19-2022
George L. Christenson
Clerk of Circuit Court
2022CV007785

Milwaukee Police Association et al vs. City of Milwaukee     Notice of Hearing

Case No: 2022CV007785

COURT ORIGINAL

This case is scheduled for: **Notice**

| Date | Time | Location |
|---|---|---|
| 12-19-2022 | 05:00 pm | |
| Circuit Court Judge/Circuit Court Commissioner | | |
| Hannah C. Dugan-31 | | |
| Re | | |
| Declaratory Judgment | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

THIS IS ONLY A NOTICE.

The above-entitled case has been transferred to Judge Hannah Dugan, Branch 31 for disposition due to the substitution/disqualification of Judge Pedro Colon, Branch 18. Any papers filed after the date of this Notice must be filed with the clerk of the newly assigned Judge. Pending dates must be rescheduled with the clerk of the newly assigned Judge.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: December 19, 2022

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Jonathan Cermele | | Electronic Notice |
| City of Milwaukee | 200 East Wells Street, Milwaukee, WI 53202 | Mail Notice |

GF-101(CCAP), 10/2009 Notice of Hearing        This form shall not be modified. It may be supplemented with additional material.