UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE POLICE ASSOCIATION,
JACOB E. BACZEK,

        Plaintiffs,

v.                          Case No. 23-CV-123

CITY OF MILWAUKEE,

        Defendant.

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' COMPLAINT

---

NOW COME defendant, by their attorneys, Tearman Spencer, City Attorney, represented by James Lewis, Assistant City Attorney, and as and for an answer to the plaintiffs' Complaint, admits, denies, alleges and shows to the court as follows:

### PARTIES

1. Plaintiff, MILWAUKEE POLICE ASSOCIATION, Local 21, IUPA, AFL-CIO, ("MPA"), is a labor organization within the meaning of §111.70(1)(h), Stats., with offices located at 6310 West Bluemound Road, Milwaukee, Wisconsin, 53213 and which, pursuant to the Wisconsin Municipal Employment Relations Act ("MERA"), §111.70, Stats., *et seq.,* has been recognized by the City of Milwaukee as the exclusive bargaining representative for certain non-supervisory police officers of the Milwaukee Police Department ("MPD"), all of whom are employees of the City of Milwaukee and members/beneficiaries of the Milwaukee Employee Retirement System ("ERS") created under Chapter 396 of the Laws of 1937 and Chapter 441 of the Laws of 1947 and codified by means of Chapter 36 of the Milwaukee City Charter.

**RESPONSE**: Paragraph 1 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

2. The MPA has an interest in ensuring that its members are afforded the rights to which they are entitled under the Fair Labor Standards Act (FLSA). *Milwaukee Dist. Council 48 v. Milwaukee County,* 2001 WI 65, 244 Wis.2d 333, 627 N.W.2d 866.

**RESPONSE**: Paragraph 2 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

3. As City employees, each and every one of the MPA's roughly 1,400 members have a right to benefits and entitlements as specified by the FLSA with respect to benefits under that act.

**RESPONSE**: Paragraph 3 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, admit.

4. As the exclusive representative of employees who are specifically interested in the subject matter of this litigation, and as a result of having a duty to represent and advise its members on matters related to those matters, the MPA possesses a tangible interest in knowing the law as it may impact its members.

**RESPONSE**: Paragraph 4 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

5. Plaintiff, JACOB E. BACZEK ("Baczek") is an adult resident of Wisconsin, and is employed by the City of Milwaukee as a police officer.

**RESPONSE**: Answering paragraph 5 of the Complaint, Defendant asserts that it lacks sufficient information regarding Plaintiff's resident to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies that allegation. Defendant admits that Plaintiff is employed by the City of Milwaukee as a police officer.

6. Defendant, CITY OF MILWAUK.EE ("City"), is a political subdivision organized and existing under the laws of the State of Wisconsin, with its principal place of business, main offices and mailing address located at 200 East Wells Street, Milwaukee, Wisconsin, 53202. The City was the legal employer of all plaintiffs, and has the statutory obligation to pay wages, overtime and compensatory time ("comp. time") under the Fair Labor Standards Act ("FLSA") and the Code of Federal Regulations ("CFR").

**RESPONSE**: Paragraph 6 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, admit.

## NATURE OF ACTION
## Declaratory Judgment

7. Plaintiffs re-allege and re-assert paragraphs 1 through 6 above, as though fully set forth herein, and further allege as follows.

**RESPONSE**: Defendant re-alleges and re-asserts paragraphs 1-6 above, as though fully set forth herein.

8. This action seeks to declare the rights and obligations of the parties under their collective bargaining agreement as well as 29 U.S.C. 201, et seq. Plaintiffs seek payment of liquidated damages and attorneys fees arising from the City having failed to timely pay comp. time that was due and owing to Baczek.

**RESPONSE**: Paragraph 8 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

## JURISDICTION & VENUE

9. Plaintiffs re-allege and re-assert paragraphs 1 through 8 above, as though fully set forth herein, and further allege as follows.

**RESPONSE**: Defendant re-alleges and re-asserts paragraphs 1-8 above, as though fully set forth herein.

10. The Circuit Court has jurisdiction over plaintiffs' claims under 29 U.S.C. §216(b).

**RESPONSE**: Paragraph 10 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, Defendant denies that Milwaukee County Circuit Court has jurisdiction over Defendant in this case.

## FACTS

11. Plaintiffs re-allege and re-assert paragraphs 1 through 108 [sic] above, as though fully set forth herein, and further allege as follows.

**RESPONSE**: Defendant re-alleges and re-asserts paragraphs 1-11 above, as though fully set forth herein.

12. Baczek was, at all relevant times, employed as a police officer with the City of Milwaukee.

**RESPONSE**: Admit.

13. In January of 2022, and again in March of 2022, Baczek requested the use of compensatory time ("comp. time") that he had earned, but that request was denied because it would have resulted in overtime.

**RESPONSE**: Answering Paragraph 13 of the Complaint, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies those allegations. Defendant denies that any of its policies are unlawful.

14. Each time that Baczek was denied the use of earned comp. time he sought a "body-for-body" replacement. Each such request was denied based it would have resulted in overtime.

**RESPONSE**: Answering Paragraph 14 of the Complaint, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies those allegations. Defendant denies that any of its policies are unlawful.

## Cause of Action
## Violation of 29 C.F.R. §§553.25 & 553.27

15. Plaintiffs re-allege and re-assert paragraphs 1 through 14 above, as though fully set forth herein, and further allege as follows.

**RESPONSE**: Defendant re-alleges and re-asserts paragraphs 1-14 above, as though fully set forth herein.

16. Baczek was, at all relevant times, an "employee" as that term is defined by 29 U.S.C. §203(e).

**RESPONSE**: Paragraph 16 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, admit.

17. The City was, at all relevant times, an "employer" as that term is defined by 29 U.S.C. §203(d).

**RESPONSE**: Paragraph 17 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, admit.

18. Baczek was a non-exempt hourly employee of the City who earned, but did not timely receive, compensation for time worked as is required under 29 C.F.R. §553.27.

**RESPONSE**: Paragraph 18 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

19. The City placed earned overtime into a comp. time bank for Baczek, but failed (and, upon information and belief, refused) to pay that banked comp. time when requested by Baczek.

**RESPONSE**: Answering Paragraph 19 of the Complaint, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies those allegations.

20. Title 29 U.S.C. §207(o)5 provides that "[a]n employee . . . who has accrued compensatory time off . . . and who has requested the use of such compensatory time, shall be permitted by the employee's employer to use such time within a reasonable period after making the request if the use of compensatory time does not unduly disrupt the operations of the public agency."

**RESPONSE**: Paragraph 20 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, Defendant admits that Paragraph 20 accurately quotes part of the United States Code referenced in Paragraph 20.

21. Rather than following the required "unduly disrupt" standard articulated under §207(o)5 of the Act and 29 CFR §553.25, the City simply denied Baczek's request for comp. time off because it would have required another officer to work overtime.

**RESPONSE**: Answering Paragraph 21 of the Complaint, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations

thereon, and therefore affirmatively denies those allegations.

22. Baczek then sought a "body-for-body" replacement, as allowed under the parties collective bargaining agreement ("Agreement"), as well as 29 C.F.R 553.31, §7(p)3.

**RESPONSE**: Paragraph 22 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies those allegations.

23. Although the Agreement identifies that such a replacement process "guarantees" an officer the ability to use his comp. time off by means of a body-for-body "replacement," Baczek's request for "replacement" was denied based on "staffing."

**RESPONSE**: Answering Paragraph 23, Defendant asserts that it lacks sufficient information to form a basis for a belief as to the truth or falsity of the allegations thereon, and therefore affirmatively denies those allegations.

24. Upon information and belief, the City was aware of its obligations under the FLSA, as well as the CFR, yet recklessly, willingly, deliberately and intentionally refused to pay plaintiffs their banked comp. time when the City terminated their employment.

**RESPONSE**: Paragraph 24 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary, denied.

25. The City's failure to timely compensate Baczek for comp. time earned violates the minimum wage provisions of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

**RESPONSE**: Paragraph 25 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

26. The City's failure to properly administer a scheme of compensation, including comp. time, violates the overtime provisions of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

**RESPONSE**: Paragraph 26 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

6

27. The City's failure to timely compensate Baczek for all banked comp. time was a willful and knowing violation of the FLSA and the CFR's thereunder, including 29 C.F.R. §§553.25 and 553.27, et seq.

**RESPONSE**: Paragraph 27 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

28. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has suffered a substantial delay in the receipt of wages owed.

**RESPONSE**: Paragraph 28 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

29. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has suffered damage and are entitled to liquidated damages for which the City is liable.

**RESPONSE**: Paragraph 29 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

30. As a result of the City's willful and knowing failure to properly compensate Baczek as required by law, Baczek has incurred reasonable attorneys fees in uncovering and prosecuting the acts and omissions identified herein, for which the City is liable.

**RESPONSE**: Paragraph 30 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

31. Pursuant to 29 U.S.C.§§207 and 216, the City owes Baczek both liquidated damages, together with an additional sum for attorneys fees and costs.

**RESPONSE**: Paragraph 31 of the Complaint asserts only conclusions of law, with respect to which no response is necessary. To the extent that a response is necessary,

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, Defendant alleges and states as follows:

1. Some of all of Plaintiff's claims are barred by the applicable statutes of

limitations.

2. Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

3. Plaintiff has failed to mitigate his damages.

4. Plaintiff has failed to pursue his claim through the arbitration clause of the Collective Bargaining Agreement between Defendant and the MPA, as required by law. Defendants retain the right to arbitrate any contract dispute(s) that may arise in the course of litigation.

5. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Defendant.

6. Plaintiff's claims are barred by the principles of issue preclusion and claim preclusion.

7. Some of all of Plaintiff's claims conflict with exemptions and or exceptions provided in the FLSA.

Dated and signed at Milwaukee, Wisconsin this 6th day of February, 2023.

TEARMAN SPENCER
City Attorney

s/James D. Lewis
JAMES D. LEWIS
Assistant City Attorney
State Bar No. 1113730
Attorneys for Defendant

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
Email: jalewis@milwaukee.gov

1081-2023-64.001/283689